UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ferris Gieger Singley Jr., # 211565, | ) C/A No. 4:10-660-TLW-TER |
| Plaintiff, | ) |
| vs. | ) Report and Recommendation |
| Perry CI Major Dennis Bush;<br>SCDC Director Jon Ozmint, and<br>SC Department of Corrections, | ) |
| Defendants. | ) |

This is a civil action filed *pro se* by a state prison inmate.[1] Plaintiff is currently confined at the Broad River Correctional Institution, having been transferred there from Perry Correctional Institution. In the Complaint filed in this case, Plaintiff complains that he is not being provided with enough protective custody to protect him from all the fellow prisoners who he claims are out to hurt him, and that he "lives in fear for his life everyday . . ." because he thinks fellow inmates are out to hurt him. He claims that he gave several names to Defendant Bush, but that he has only been given protective custody that will protect him against some, but not all, of those who he complained about. Plaintiff does not claim that he has suffered any kind of physical injury from this allegedly insufficient protection, and he claims that Bush's failure to provide full protection is "gross negligence." Although he also names two additional Defendants, no reference is made to either of them in the body of the Complaint.

Under established local procedure in this judicial district, a careful review has been made of Plaintiff's *pro se* Complaint filed in this case. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996, and in light of

---

[1] Pursuant to 28 U.S.C. §636(b)(1), and D.S.C. Civ. R. 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such *pro se* cases and to submit findings and recommendations to the District Court. *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N. Y.*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387 (4th Cir. 1990). Even under this less stringent standard, however, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B).

Initially, Plaintiff cites to the Eighth Amendment and the 14th Amendment to the United States Constitution, claiming they were violated by Defendants' failure to provide additional protection from several fellow inmates. Plaintiff does not have a constitutional claim relating to his classification for custody purposes, including the level of protection that he is afforded. The South Carolina Code of Laws vests exclusive authority relating to the care and housing of prisoners on the Director of the South Carolina Department of Corrections (SCDC) and places no limitations on official discretion. *See* S.C. Code Ann. §§ 24-1-130, 24-1-140, 24-3-20, 24-3-30. Federal courts are required to accord great consideration to a correctional system's need to maintain order, discipline, and control, *see Wolff v. McDonnell*, 418 U.S. 539, 558-62 (1974), and it is well established that there is no constitutional right for a state prisoner or

federal prisoner to be housed in a particular institution, at particular custody level, or in a particular portion or unit of a correctional institution. *Olim v. Wakinekona*, 461 U.S. 238 (1983); *Ange v. Paderick*, 521 F.2d 1066 (4th Cir. 1975); *Lyons v. Clark*, 694 F. Supp. 184, 187 (E.D. Va. 1988)(collecting cases). In other words, the placement and assignment of inmates into particular institutions or units by state or federal corrections departments are discretionary functions, and, generally, are not subject to review *unless* state or federal law places limitations on official discretion. *Hayes v. Thompson*, 726 F.2d 1015, 1016-17 (4th Cir. 1984)(collecting cases).

It is known from other cases previously decided in this judicial district that South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison. *See*, *e.g.*, *Keeler v. Pea*, 782 F. Supp. 42, 43-44 (D.S.C. 1992)(*citing Meachum v. Fano*, 427 U.S. 215 (1976)); *Vice v. Harvey*, 458 F. Supp. 1031, 1034 (D.S.C. 1978); *Sheffield v. Edwards*, 2008 WL 4200442 (D.S.C. Sept. 3, 2008)(unpublished case, text available in Westlaw). In fact, it is well settled that the placement of inmates into administrative segregation units or similar units can be a valid of means of minimizing a "threat to security of the institution, threat to the safety of other residents or Jail staff, etc." *Jackson v. Bostick*, 760 F. Supp. 524, 528 (D. Md. 1991); *see Hewitt v. Helms*, 459 U.S. 460, 468 (1983)("The transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence."); *Anderson v. County of Kern*, 45 F.3d 1310, 1312 (9th Cir. 1995)(prison officials have legitimate penological interest in administrative segregation, and they must be given "wide-ranging deference" with respect to their need to maintain order, discipline, and "institutional security"); *see also Montanye v. Haymes*, 427 U.S. 236, 242 (1976)(if a prisoner's confinement is within terms of the sentence imposed upon him and does not violate other constitutional provisions, "the Due Process Clause does not in itself subject an inmate's

treatment by prison authorities to judicial oversight"). In other words, since Plaintiff was committed to the custody SCDC, the choices of where and how Plaintiff is to be confined are to be determined by the SCDC.

Although the Plaintiff, apparently, would prefer that he be placed in another correctional institution or in another specific part of some correctional institution, his (the Plaintiff's) classification and placement at the Broad River Correctional Institution does not violate Plaintiff's federally guaranteed constitutional rights. *See Wolff v. McDonnell*, 418 U.S. at 558-62; *Mann v. Leeke*, 73 F.R.D. 264, 265-267 (D.S.C. 1974); *Ramey v. Hawk*, 730 F. Supp. 1366, 1372 (E.D. N.C. 1989); *see also Cooper v. Riddle*, 540 F.2d 731, 732 (4th Cir. 1976)(*citing Meachum v. Fano*: federal courts are not "to assume the role of super wardens of state penal institutions").

Furthermore, the only "injury" that Plaintiff alleges is fear for his safety from fellow inmates. It is well settled that there is no federal constitutional right for an inmate, or anyone else for that matter, to be free from emotional distress, psychological stress, or mental anguish, and, hence, there is no liability under § 1983 regarding such claims. *Grandstaff v. City of Borger*, 767 F.2d 161 (5th Cir. 1985); *see Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992) (citing *Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979)); *Emmons v. McLaughlin*, 874 F. 2d 351, 354 (6th Cir. 1989)(verbal threats causing fear for plaintiff's life not an infringement of a constitutional right)*; Batista v. Rodriguez*, 702 F.2d 393, 398 (2d Cir. 1983)*; Sluys v. Gribetz*, 842 F. Supp. 764, 765 n. 1 (S.D.N.Y. 1994). Plaintiff does not allege that he has been involved in any kind of physical alterations with any of the other inmates from whom he seeks additional protection, leading one to surmise that there have only been threats made against him. Assuming that to be so, it is established that verbal abuse of a prisoner is not actionable under § 1983. *See McBride v. Deer*, 240 F.3d 1287, 1291 n. 3 (10th Cir. 2001) (explaining that "acts or omissions resulting in an inmate being subjected to nothing more than threats and verbal taunts do not violate the Eighth

Amendment"); *Boston v. Stanton*, 450 F. Supp. 1049 (W.D. Mo.1978) (same); *see also Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir.1987) ("Defamation is not a deprivation of liberty within the meaning of the due process clause."); *Henslee v. Lewis*, 153 Fed. Appx. 178, 180 (4th Cir. 2005) (same; affirming *sua sponte* dismissal of claim based on threats).

Additionally, as stated previously, Plaintiff does not allege that he suffered any attack resulting in physical injury or that he suffered any other kind of physical injury from the alleged lack of protection, and there can be no recovery *of damages* for mental stress under 42 U.S.C. § 1997e(e) in absence of a physical injury. Several courts have held that things such as sleeplessness and losing weight as a result of depression or anxiety does not qualify as a "physical injury" under the statute. *See, e.g., Pearson v. Welborn*, 471 F.3d 732 (7th Cir. 2006); *May v. Donneli*, No. 9:06-cv-437 (GLS/RFT), 2009 WL 3049613, *3 (N.D.N.Y. Sept. 18, 2009) (collecting cases).

Also, Plaintiff's allegation that Officer Bush was "grossly negligent" in his failure to provide additional protection fails to state a viable federal claim. Federal actions for damages against state actors pursuant to 28 U.S.C. § 1983 do not impose liability for violations of duties of care (such as those involved in negligence actions) arising under state law. *See DeShaney v. Winnebage County Dep't of Social Servs.*, 489 U.S. 189, 200-03 (1989). In other words, where state law provides such a remedy, no federally guaranteed constitutional right is implicated. *See King v. Massarweh*, 782 F.2d 825, 826 (9th Cir. 1986); *Slaughter v. Anderson*, 673 F. Supp. 929, 930 (N.D. Ill. 1987). Although this Court could consider a negligence action with $75,000.00 in controversy between citizens of different under its diversity jurisdiction, *see Cianbro Corp. v. Jeffcoat & Martin*, 804 F. Supp. 784, 788-91 (D. S.C. 1992), it is clear from the faceof Plaintiff's pleading that all of the parties named in the Complaint in this case appear to be citizens of South Carolina, thus precluding exercise of diversity jurisdiction in this case.

Finally, as previously stated, there are no allegations of any kind of wrongdoing against either

Defendant Ozmint or Defendant South Carolina Department of Corrections. The only Defendant against whom *personal* wrongdoing is alleged is Defendant Bush. In absence of any allegations against either of the other two Defendants, the Complaint is frivolous and subject to dismissal as to those Defendants. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing dismissal of *in forma pauperis* claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389n. 2 (4th Cir. 1990)(dismissal proper where there were no allegations to support claim); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); *see also Kuhn v. Milwaukee County*, No. 02-3522, 59 Fed. Appx. 148, *2 (7th Cir., Feb. 18, 2003). In absence of substantive allegations of wrongdoing against the named Defendants, there is nothing from which this Court can liberally construe any type of viable cause of action arising against them from the Complaint. It is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for state prisoners or *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).

### Recommendation

Accordingly, since Plaintiff failed to state a claim upon which relief may be granted, it is recommended that the District Court dismiss the Complaint in this case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

Plaintiff's attention is directed to the important notice on the next page.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
September 1, 2010    United States Magistrate Judge
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).